IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-40818
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDUARDO VALDEZ-MOSQUEDA,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. M-98-CR-45-1
- - - - - - - - - -

February 9, 1999

Before BARKSDALE, and EMILIO M. GARZA, Circuit Judges.[*]

PER CURIAM:[**]

Eduardo Valdez-Mosqueda appeals the sentence he received after he pleaded guilty to returning to the United States after having been previously deported. Valdez's argument that the district court should have reviewed evidence of his prior convictions under a reasonable doubt standard is foreclosed by this court's precedent. See United States v. Lombardi, 138 F.3d

_____

[*]This matter is being decided by a quorum. 28 U.S.C. § 46(d).

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

559, 562 (5th Cir. 1998). Likewise, his assertion that the Government should have been required to produce evidence of his prior convictions is foreclosed by this court's precedent. See United States v. Mir, 919 F.2d 940, 943 (5th Cir. 1990). Only an "overriding Supreme Court decision," a change in statutory law, or this court sitting en banc may overrule a panel decision. See United States v. Zuniga-Salinas, 952 F.2d 876, 877 (5th Cir. 1992) (en banc).

The sentence imposed by the district court is AFFIRMED.